Susie Injijian, Esq. (CBN 128311)
**INJIJIAN LAW OFFICE, APC**
775 San Diego Road
Berkeley, CA 94707
Telephone: (510) 898-1478
Fax: (510) 898-1107
Email: si@injijianlaw.net

Attorneys Plaintiffs
TINYAN LAWRENCE and
ALEXANDER LAWRENCE

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINYAN LAWRENCE and ALEXANDER LAWRENCE,<br><br>                Plaintiffs,<br>vs.<br><br>SINGAPORE AIRLINES LIMITED,<br><br>                Defendant. | CASE NO.:<br><br>**COMPLAINT FOR PERSONAL INJURY DAMAGES**<br><br>(**Montreal Convention Liability, Loss of Consortium**)<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs TINYAN LAWRENCE and ALEXANDER LAWRENCE, by and through their attorneys INJIJIAN LAW OFFICE, APC, complain of Defendant SINGAPORE AIRLINES LIMITED, and allege as follows.

1. This is a civil action for harms and losses arising from personal injuries sustained on an international commercial flight by Plaintiff TINYAN LAWRENCE on or about August 2, 2025 while she and her husband ALEXANDER LAWRENCE, and their infant son, were ticketed fare-paying passengers traveling from Bali, Indonesia, to San Francisco International Airport, California, with a scheduled

1. stopover in Singapore. Plaintiffs purchased the roundtrip tickets from Defendant SINGAPORE AIRLINES LIMITED which operated all flights on the itinerary Plaintiffs booked.

2. This action is brought pursuant to the governing Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on May 28, 1999 (hereinafter "the Montreal Convention") insofar as the United States, Indonesia and Singapore are all signatories to the Montreal Convention and the injuries were caused during international carriage by air.

## JURISDICTION

3. Plaintiffs TINYAN LAWRENCE and ALEXANDER LAWRENCE, wife and husband, are and were at all times mentioned residents of Contra Costa County, within the Northern District of California.

4. Defendant SINGAPORE AIRLINES LIMITED, its predecessors, successors in interest and assigns (hereinafter "SINGAPORE AIRLINES") is a foreign corporation, privately owned and organized under the laws of Singapore. At all times here mentioned, SINGAPORE AIRLINES was a common carrier for reward, providing domestic and international air transportation to passengers worldwide, through itself and code share partners, between points within the United States and beyond, and was authorized to do business and doing business in the Northern District of California, maintaining business contacts within the United States and the Northern District sufficient to confer personal jurisdiction in this Court.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, under the Montreal Convention because the United States, Singapore and Indonesia are all parties to the Montreal Convention.

## DIVISIONAL ASSIGNMENT

6. The proper divisional assignment for purposes of Civil L.R. 3-2(d) is the San Francisco División or the Oakland Division because:

    a) Plaintiffs purchased the roundtrip tickets for the international travel that included the flight which gives rise to this Complaint on SINGAPORE AIRILINES' website from their home in Contra Costa County, and

2
**COMPLAINT FOR PERSONAL INJURY DAMAGES**

b) San Francisco was the place of destination of the air travel at issue.

7. Venue is proper in this Court under Article 33 of the Montreal Convention in that:

    a) At all relevant times, SINGAPORE AIRILINES has operated and does now operate services for the carriage of persons by air and has offices and conducts business as set forth above in the United States as a whole.

    b) Plaintiffs purchased the roundtrip tickets for the international travel that included the flight which gives rise to this Complaint on SINGAPORE AIRILINES' website from their home in California.

    c) San Francisco was the place of destination of the air travel at issue.

    d) At all relevant times, the State of California was and is the principal and permanent residence of Plaintiffs.

8. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391, as the final destination of the air travel during which Plaintiff's injuries occurred, and which forms the basis of the action, was *en route* to San Francisco International Airport, which is within the Northern District of California.

## GENERAL ALLEGATIONS

9. On or about August 2, 2025, Plaintiffs TINYAN LAWRENCE, ALEXANDER LAWRENCE, and their infant son were fare paying passengers lawfully aboard Flight SQ939 operated and controlled by Defendant SINGAPORE AIRLINES from Bali, Indonesia (DPS) to Changi, Singapore (SIN) ("the Subject Flight"). Flight SQ939 was the first leg of the family's return trip to their destination which was San Francisco.

10. Plaintiffs are informed and believe and, on that basis, allege that, at all times mentioned, each of the SINGAPORE AIRLINES personnel, at all levels of the corporation and including all flight, cabin and ground crewmembers involved in any manner in the operation of the Subject Flight, was acting as the agent and/or employee of SINGAPORE AIRLINES, and was acting within the scope of that agency and/or employment, each with the knowledge, permission and approval of each other.

11. During the Subject Flight, SINGAPORE AIRLINES provided a meal service in the premium economy cabin where Plaintiffs were passengers.

**COMPLAINT FOR PERSONAL INJURY DAMAGES**

12. Shortly before serving the meals, the cabin crewmembers asked passengers in the premium economy cabin their meal choice and offered Plaintiffs two meal options: tom yum soup (with prawn) or chicken and pasta. When asked her preference, Plaintiff TINYAN LAWRENCE expressly notified the crew that she is severely allergic to shellfish and could only consume a meal that was completely free of the allergen. Defendant's crewmember acknowledged the information and registered both Plaintiffs' requests for chicken and pasta, which was the only option that supposedly did not contain shellfish.

13. When the cabin crew returned with the meal trays, Plaintiff TINYAN LAWRENCE again expressly notified the crewmember that she is severely allergic to shellfish. For a second time, the crewmember acknowledged the information and served the chicken and pasta option to both adult Plaintiffs and reassured them that the chicken and pasta option was shellfish-free.

14. During the onboard meal service, Plaintiff TINYAN LAWRENCE had a few bites of the chicken and pasta meal she was served by Defendant's cabin crew. Immediately after she did so, Plaintiff TINYAN LAWRENCE quickly became aware that she was developing symptoms of a full-blown allergic reaction. Specifically, she experienced rapid onset and advancement of symptoms of anaphylaxis, including, most dangerously, difficulty breathing as her throat swelled and her airway constricted. Her face and eyes became swollen to the point that her vision was obstructed. She became dizzy, lightheaded, and suffered stomach pain and cramps, hives, flushed skin, and other physical manifestations of anaphylaxis, causing her to feel terrified and helpless as her physical symptoms progressed onboard the Subject Flight. Plaintiffs were acutely aware that if not reversed immediately anaphylaxis will lead to oxygen deprivation, shock and, ultimately, death.

15. Plaintiff ALEXANDER LAWRENCE hurriedly retrieved the Epi-pen from their carryon luggage and administered a dose of epinephrine to his wife, which is the appropriate stopgap remedy until emergency medical care could be accessed. After a brief pause in the progression of the symptoms, they resumed and accelerated, and Plaintiff TINYAN LAWRENCE's physical condition deteriorated further as the family began to disembark the aircraft.

16. Despite having been informed of Plaintiff TINYAN LAWRENCE's allergy, and the visible manifestations of anaphylaxis following her ingestion of a portion of the meal served to her, at no time during the Subject Flight or during disembarkation did SINGAPORE AIRLINES crewmembers respond to or aid Plaintiff TINYAN LAWRENCE or her family.

17. Upon exiting the aircraft, Plaintiffs sought assistance from Defendant's ground crew in locating a medical facility at the airport in Singapore, which airport was completely unfamiliar to Plaintiffs. The ground crew did not assist and merely instructed Plaintiffs to go in what turned out to be the opposite direction of where the medical facility was located. As they searched the terminal for emergency medical care, Plaintiff TINYAN LAWRENCE's symptoms spiked and she requested a second Epi-pen, which ALEX LAWRENCE administered.

18. When they eventually located the airport medical facility on their own, Plaintiff TINYAN LAWRENCE was diagnosed with and treated for a severe allergic reaction to the tainted food she had consumed on the Subject Flight. As a result, she was declared unfit to fly on the remaining leg of the family's flight to San Francisco. Hence, the family stayed the night in Singapore and boarded a return flight home the following day.

## FIRST CAUSE OF ACTION

## (MONTREAL CONVENTION LIABILITY)

19. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the Paragraphs 1 through 18, above.

20. The above-described event caused near-fatal injuries to Plaintiff TINYAN LAWRENCE onboard the aircraft. Accordingly, it constitute an "Accident" within the meaning of Article 17 of the Montreal Convention because, *inter alia*, Plaintiff sustained injuries and damages as a direct result of being served an inflight meal containing shellfish after SINGAPORE AIRLINES crewmembers advised that the meal was the safe meal option for a passenger with a known shellfish allergy.

21. Pursuant to Article 17 of the Montreal Convention, SINGAPORE AIRLINES is absolutely liable for all damages sustained up to the treaty's liability limits of 151,880 Special Drawing Rights (SDR's).

22. Pursuant to Article 21 of the Montreal Convention, SINGAPORE AIRLINES is also liable for all damages sustained in excess of 151,880 SDR's without limitation, because Defendant SINGAPORE AIRLINES cannot prove that:

    a) "such damage was not due to the negligence or other wrongful act or omission of the carrier [SINGAPORE AIRLINES] or its servants or agents; or

    b) such damage was solely due to the negligence or other wrongful act or omission of a third party." (Montreal Convention, Article 21)

23. The above-described Accident was a legal cause of, and substantial factor in, Plaintiff's harm: plaintiff TINYAN LAWRENCE suffered physical manifestations of a near-fatal injury – an anaphylactic episode - and has also suffered extreme physical pain, mental anguish, and severe emotional distress flowing therefrom, and will continue to suffer the same into the future, all to her general damage in an amount to be proven at trial.

24. As a further, direct and proximate result of said Accident and the injuries caused thereby, plaintiff TINYAN LAWRENCE has suffered special damages for past and future medical and related expenses for the care and treatment of her injuries, all in an amount of special damages in excess of the jurisdictional minimum of this Court.

WHEREFORE, plaintiffs pray damages as hereinafter set forth.

## SECOND CAUSE OF ACTION

**(Loss of Consortium)**

25. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in the Paragraphs 1 through 18, and 20 through 24, above.

26. Because of the harm they caused to plaintiff TINYAN LAWRENCE as set forth above, Defendant SINGAPORE AIRLINES is liable in tort for the injury suffered by plaintiff ALEXANDER LAWRENCE, as a result of the past and future loss of his wife's support, services, companionship, love, affection, society, solace, moral support, physical assistance in the operation and maintenance of their home, and all other elements of consortium, all to his damage in an amount within the jurisdiction of this Court according to proof at trial.

WHEREFORE, plaintiffs pray judgment against the Defendants SINGAPORE AIRLINES as follows:

A. For general damages according to proof;

B. For special damages according to proof;

C. For costs of suit incurred herein;

D. For attorney fees as may be allowed by law;

E. For prejudgment interest; and

F. For such other and further relief as the Court deems proper.

DATED: February 17, 2026                    INJIJIAN LAW OFFICE, APC

_____
Susie Injijian
Attorney for Plaintiffs TINYAN LAWRENCE
and ALEXANDER LAWRENCE

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand a trial by jury.

DATED: February 17, 2026                    INJIJIAN LAW OFFICE, APC

_____
Susie Injijian
Attorney for Plaintiffs TINYAN LAWRENCE
and ALEXANDER LAWRENCE

**COMPLAINT FOR PERSONAL INJURY DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**COMPLAINT FOR PERSONAL INJURY DAMAGES**